UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AUSTIN D. WHITSITT,<br><br>　　　　　Defendant. | CR. 22-50083-JLV<br>(22-mj-0028-DW)<br><br><br>ORDER |

　　　　On May 5, 2022, Defendant Austin Whitsitt, appearing *pro se*, filed a notice of appeal from a decision of United States Magistrate Judge Daneta Wollmann.  (Docket 1).  See 18 U.S.C. §§ 3402 & 3742 (e) & (h).

　　　　"In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . the entry of . . . the judgment . . . being appealed[.]"  Fed. R. App. P. 4(b)(1)(A)(i).  The Clerk's minutes of the court trial held on April 14, 2022, before Magistrate Judge Wollmann reflect that after the oral entry of the judgment and pronouncement of sentence Mr. Whitsitt was "notified of and understands his appeal rights."  See United States v. Whitsitt, 5:22-mj-0028, Docket 13 at p. 2 (D.S.D. 2022).

　　　　The judgment was filed in 5:22-mj-0028 on April 18, 2022.  See Whitsitt, 5:22-mj-0028, Docket 16.  Pursuant to Rule 4, the deadline for filing defendant's appeal was May 3, 2022.  Fed. R. App. P. 4(b)(1)(A)(i).

　　　　On March 28, 2022, Mr. Whitsitt was registered with the Clerk of Court for receipt by electronic notice of unsealed documents filed in the case before Magistrate Judge Wollmann.  Id., Docket 4.  When the judgment was filed

the case was closed and Mr. Whitsitt's electronic notice access terminated. On April 22, 2022, a Deputy Clerk of Court provided Mr. Whitsitt with e-mail copies of the judgment and other documents.  See Whitsitt, 5:22-mj-0028, Clerk's text entry of April 22, 2022.

On April 29, 2022, Mr. Whitsitt mailed the notice of appeal in a prepaid priority mail express envelope with the United States Postal Service.  Id., Docket 21 at p. 2; see also United States v. Whitsitt, 5:22-50083, Docket 1 at p. 2.  The packet was not received by the Clerk of Court until May 5, 2022. Id., 5:22-50083, Docket 1 at p. 1.  Defendant's notice of appeal was filed that day.  Id.

"Unlike Federal Rule of Appellate Procedure 4(a), Rule 4(b) is not grounded in statute and is set forth only in a court-prescribed rule of appellate procedure. Court-prescribed rules of practice and procedure, as opposed to statutory time limits, do not create or withdraw federal jurisdiction."  United States v. Watson, 623 F.3d 542, 545 (8th Cir. 2010) (internal quotation marks and citation omitted).  "Rule 4(b) is thus a claim-processing rule . . . . In accordance with all other circuits that have considered the issue, we hold that Rule 4(b) is not jurisdictional."  Id. at 545-46 (internal citations omitted).  See also United States v. Whitbeck, 869 F.3d 618, 619 (8th Cir. 2017) ("The time limit on criminal appeals is a claims-processing rule[.]") (referencing Watson, 623 F.3d at 545-46). "Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time

2

to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App. P. 4(b)(4).

Even though Rule 4(b)(4) "time constraints are not jurisdictional limitations, 'Rule 4(b)'s timeliness requirements [are] inflexible and assure relief to a party properly raising them.' "  United States v. Starks, 840 F.3d 960 (8th Cir. 2016) (brackets in original) (citing Watson, 623 F.3d at 546).  The question is whether the government intends to object to Mr. Whitsitt's notice of appeal or "waive its right to the enforcement of a nonjurisdictional claim-processing rule."  Watson, 623 F.3d at 545.

Accordingly, it is

ORDERED that Mr. Whitsitt pay the appeal filing fee of $39 within twenty days of this order.

IT IS FURTHER ORDERED that on or before **May 31, 2022**, the government shall file its response stating whether it objects to the defendant's notice of appeal or waives enforcement of Fed. R. App P. 4(b).

IT IS FURTHER ORDERED that if the government interposes an objection to the defendant's notice of appeal, defendant shall file a responsive brief on or before **June 10, 2022**.

Dated May 17, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

3